**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

BENNY GABRIEL TORRES TORRES,

                         Plaintiff,

            v.                                                          1:25-CV-1529
                                                                        (AJB/DJS)

DEPARTMENT OF VETERANS AFFAIRS, *et al.*,

                         Defendants.

**APPEARANCES:**

BENNY GABRIEL TORRES TORRES
Plaintiff, *Pro Se*
Johnstown, New York 12095

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

       The Clerk has forwarded for review what has been docketed as a civil complaint

filed by Plaintiff.  Dkt. No. 1, Compl.  Plaintiff has not paid the filing fee, but has

submitted an application to proceed *in forma pauperis*, Dkt. No. 2, which the Court has

granted.  Also pending are several motions filed by Plaintiff.  Dkt. Nos. 7 & 8.

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.*

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

## B. Analysis of the Complaint

The nature of the Complaint here is unclear. Plaintiff has identified eighteen Defendants, including what appears to be a mix of medical providers and patient advocates from Department of Veterans Affairs ("VA") hospitals and VA law

enforcement personnel. Compl. at pp. 1-2. Plaintiff broadly identifies claims under federal civil rights statutes alleging violations of his constitutional rights, as well as statutory claims under the Americans with Disabilities Act and the Rehabilitation Act, and New York common law causes action. *Id.* at pp. 2 & 4. He also cites and may be attempting to assert claims under certain federal criminal statutes. *Id.* at p. 3.[2]

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). A complaint that fails to comply with basic pleading requirements presents too heavy a burden for defendants to craft a defense "and provides no meaningful basis for the Court

---

[2] Claims under these statutes should be dismissed with prejudice. Plaintiff references 18 U.S.C. § 241, but that statute "do[es] not give rise to civil liability or authorize a private right of action." *Gilmore v. Karandy*, 2020 WL 4673896, at *2 n. 5 (N.D.N.Y. Aug. 12, 2020) (citing cases). The same is true for the two other criminal statutes cited by Plaintiff. *Storm-Eggink v. Gottfried*, 409 Fed. App'x 426, 427 (2d Cir. 2011) ("[T]here is no private right of action under [18 U.S.C.] § 242[.]"); *Francois v. Richman*, 2025 WL 1207659, at *2 (E.D.N.Y. Apr. 24, 2025) ("18 U.S.C. §§ 242 and 245 do not provide a private right of action.").

to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

Plaintiff's Complaint fails to meet these requirements or provide the notice to Defendants that Rule 8 requires.  It offers limited specific factual pleading.  It, for example, references incidents at multiple VA hospitals in New York, Hawaii, Arizona, Pennsylvania, and Puerto Rico, but fails to identify at which of these any of the named Defendants work or to specifically delineate the nature of any legal claim he may have regarding these facilities.  Compl. at pp. 2-5.  Allegations made in the Complaint date as far back as 2012, but it is not clear whether Plaintiff is attempting to assert claims accruing then or not.  *Id.*  He also makes allegations regarding an undated, but allegedly unlawful arrest.  *Id.* at p. 5.  Plaintiff's pleading ties none of the identified constitutional or statutory provisions to any particular conduct.  All of these factors fail to satisfy Rule 8's minimum requirements.

Certain portions of the Complaint appear to relate to potential claims regarding improper medical care.  *Id.* at p. 2 (referencing a "botched surgery").  "Were [Plaintiff] attempting to state a claim for the tort of negligence and/or medical malpractice against a Veterans Medical Center, he must proceed under the Federal Tort Claims Act."  *Voss v. United States*, 2008 WL 4833590, at *2 (N.D.N.Y. Nov. 5, 2008), *aff'd*, 360 F. App'x 239 (2d Cir. 2010).  The Complaint does not reference this statute, however, and makes no reference to having complied with the exhaustion requirements a suit under that statute

requires. *Est. of George v. Veteran's Admin. Med. Ctr.*, 821 F. Supp. 2d 573, 577 (W.D.N.Y. 2011).

Given its lack of clarity, the Complaint is clearly subject to dismissal. "[A] court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Accordingly, the Court recommends that the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend.

The Court advises Plaintiff that should he be permitted to amend his Complaint, any amended pleading he submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct

occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of his prior Complaint shall be incorporated into his amended complaint by reference. Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the defendants and must demonstrate that a case or controversy exists between the Plaintiff and the defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named defendant violated a law, he should specifically refer to such law.

Given the recommendation that the Complaint be dismissed, the Motion for Discovery, Dkt. No. 7, is denied as premature. *See* FED. R. CIV. P. 26. Plaintiff has also filed a motion for information regarding bar admission for the judges assigned to this matter. Dkt. No. 8. Plaintiff has failed to establish that such information is relevant or necessary to the litigation of this matter and the request, therefore, is denied.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that Plaintiff's Motions (Dkt. Nos. 7 & 8) are **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:  December 5, 2025
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).