UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BENNY GABRIEL TORRES TORRES,

                Plaintiff,

            -v-                                                      1:25-CV-1529 (AJB/DJS)

DEPARTMENT OF VETERANS
AFFAIRS *et al.*,

                Defendants.
_____

**APPEARANCES:**                                             **OF COUNSEL:**

BENNY GABRIEL TORRES TORRES
Plaintiff, Pro Se
P.O. Box 41
Johnstown, NY 12095

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

       On October 30, 2025, *pro se* plaintiff Benny Gabriel Torres Torres ("plaintiff") filed this civil action alleging that defendant Department of Veterans Affairs ("VA") and others engaged in certain forms of misconduct. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Applcation"). Dkt. No. 2. Plaintiff also sought a temporary restraining order ("TRO"). Dkt. No. 3.

       On October 31, 2025, this Court denied plaintiff's request for a TRO because he had not "met the extremely demanding standard" for emergency relief. Dkt. No. 5. However, this Court referred plaintiff's complaint and IFP Application to the assigned magistrate judge for an initial review in accordance with 28 U.S.C. § 1915. *See id*.

On December 5, 2025, U.S. Magistrate Judge Daniel J. Stewart granted plaintiff's IFP Application, Dkt. No. 12, and advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with leave to amend, Dkt. No. 13.  As Judge Stewart explained in the R&R, plaintiff's complaint identifies "a mix of medical providers and patient advocates" from the VA, as well as some VA law enforcement personnel.  *Id*.  Although the pleading "broadly identifies claims under federal civil rights statutes," the factual allegations in the complaint fail to tie any of these "identified constitutional or statutory provisions to any particular conduct" attributable to the named defendants.  *Id*.  However, in light of plaintiff's *pro se* status, Judge Stewart recommended that plaintiff be given an opportunity to amend his pleading.  *Id*.

Plaintiff has not lodged objections to Judge Stewart's R&R.  Instead, plaintiff has filed a document entitled "affidavit of judicial misconduct and procedural irregularity."  Dkt. No. 14.  A review of this document confirms that it does not entitle plaintiff to any relief at this time.  Nor is this document fairly understood as an attempt at an amended complaint, which, as Judge Stewart cautioned, must conform with the Federal Rules of Civil Procedure as well as the instructions set forth in the R&R.  *See* Dkt. No. 13.

Upon review for clear error, the R&R is accepted and will be adopted.  *See* FED. R. CIV. P. 72(b).  Plaintiff shall have thirty days from the date of this decision in which to submit an amended complaint for further review.  Any such pleading must conform with the applicable Federal Rules of Civil Procedure and the instructions set forth in the R&R.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 13) is ACCEPTED; and

2. Plaintiff's complaint (Dkt. No. 1) is DISMISSED with leave to amend;

- 3 -

3. Plaintiff shall have THIRTY DAYS from the date of this decision in which to submit an amended complaint for review;

4. If plaintiff timely files an amended complaint, this action will be REFERRED to Judge Stewart for further review and action as appropriate; and

5. If plaintiff does not timely file an amended complaint, this action will be DISMISSED without further Order of the Court.

The Clerk of the Court is directed to terminate the pending motion and set the appropriate deadlines.

**IT IS SO ORDERED.**

Dated:  January 12, 2026
         Utica, New York.

Anthony J. Brindisi
U.S. District Judge